UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA DELGADO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-04918 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| I.C. SYSTEM, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In June 2017, Teresa Delgado filed a complaint alleging that I.C. System violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Illinois Collection Agency Act, 225 ILCS 425/9.[1] R. 1.[2] Delgado ostensibly served I.C. System in July 2017, and, by August 2017, I.C. System had not responded. So Delgado filed a motion for default judgment. R. 11. On August 16, 2017, the Court granted the motion for default judgment, awarding Delgado a total of $5,768.07: $263.87 in damages, $4.993.40 in reasonable attorney's fees, and $511.00 in costs. R. 15. On that same day, I.C. System found out about the entry of default judgment and filed an opposition to Delgado's initial motion, R. 16, though not before the Court had already entered the final judgment. *See* R. 19, Dove Decl. ¶ 3.

I.C. System now moves to vacate the entry of default judgment. R. 17. According to I.C. System, what happened here was that its designated agent for

---

[1]The Court has federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

[2]Citations to the record are noted as "R." followed by the docket number, and when necessary, the page or paragraph number.

service of process accidentally sent the initial service packet to "International Container Systems Incorporated," instead of "I.C. System, Inc." Dove Decl. ¶ 8. That, argues I.C. System, constitutes "mistake, inadvertence, or excusable neglect," all of which are proper grounds for setting aside a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. R. 17 at 4. So this case essentially boils down to whether this type of mistake by I.C. System's registered service agent justifies setting aside an entry of default judgment. For the reasons explained below, the answer is yes, and the motion to vacate the default judgment is granted.

## I. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedures states that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) in turn states that a default judgment can be vacated if a party shows "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Seventh Circuit has clarified that relief under Rule 60(b) may only be granted "under exceptional circumstances." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). Specifically, "to have a default judgment vacated, the moving party must demonstrate: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Id.* (cleaned up).[3] That being said, the established policy is to favor "trial on the merits over default judgment." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Above all,

---

[3]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

though, district courts are given "considerable latitude" in deciding whether to vacate (or not) a default judgment. *Wehrs*, 688 F.3d at 890. *See also Cracco*, 559 F.3d at 630.

## II. Analysis

### A. Good Cause

Turning to the first requirement, "good cause" for setting aside a default judgment can include "excusable neglect," which encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The Seventh Circuit has explained that excusable neglect "requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing" the default judgment. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

Here, there is no serious dispute that Delgado properly served CT Corporation System, which was the registered agent of I.C. System. *See* R. 6. There is also no dispute that CT Corporation accidentally forwarded the complaint and summons to the wrong party and that I.C. System never actually received the documents.

Delgado now argues that I.C. System must be bound by the mistake of its registered agent, citing the rule that "a client is bound by his chosen agent's deeds." R. 26 at 5 (citing *United States v. 8136 S. Dobson St., Chi., Ill.*, 125 F.3d 1076, 1084 (7th Cir. 1997)). Although that general principle is true, that does not mean there is a bright-line, blanket rule saying that "excusable neglect" under Rule 60(b) can never be based on a mistake by a party's registered agent. After all, it would be a somewhat odd result if a party's *own* mistake could be excusable for purposes of setting aside a

3

default judgment, but a party's agent's mistake, through no fault of the party itself, would automatically close the door to relief. Indeed, another court in this District has held that excusable neglect applies where a party's registered agent was properly served but then simply failed to forward the complaint and summons to the party. *Coyote Logistics, LLC v. AMC Cargo Inc.*, 2017 WL 1862642, at *2 (N.D. Ill. May 9, 2017). *See also Winslow Marine, Inc. v. J. Supor & Son Trucking & Rigging, Inc.*, 2016 WL 7235670, at *2 (D. Me. Dec. 14, 2016) (finding good cause where registered agent delivered complaint and summons to outdated address).

Here, too, the mistake of the registered agent constitutes excusable neglect for purposes of the good cause factor. To the extent that willfulness is a consideration here, *Cracco*, 559 F.3d at 631, there is nothing in the record to suggest that I.C. System willfully ignored the pending litigation or willfully chose not to respond to the summons and complaint. Rather, it is clear that I.C. System simply did not know— through no fault of its own—that a complaint (and later, a motion for default) had been filed. And there is no suggestion that CT Corporation has a known track record for making these types of mistakes, such that I.C. System should have been suspicious of the reliability of its registered service agent. (To the contrary, the CT Corporation has served as the registered agent in many cases before this Court.) Delgado responds that I.C. System actually *did* have notice of the litigation, because Delgado's counsel apparently mentioned to I.C. System's counsel (during a status hearing for another case involving the same parties) that she had filed this current case. R. 26 at 5. I.C. System, for its part, claims that Delgado's counsel only stated

4

that she was *filing* (as opposed to already filed) another case against I.C. System. R. 27 at 3. This is neither here nor there. For one, there is no record-evidence support for Delgado's contention that I.C. System was told about this case before August 2018, and in any event, the filing of a lawsuit is not the same thing as service of process, as I.C. System points out. *Id*. So the good-cause requirement has been met here.

### B. Quick Action

The next factor asks whether I.C. System took quick action to correct the default. "What constitutes quick action varies from case to case" and relies heavily upon the specific circumstances of the case. *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 861 (7th Cir. 2016). Here, I.C. System did not discover Delgado's motion for default judgment until August 16, 2017. Dove Decl. ¶ 3. I.C. System filed an opposition brief to the default judgment motion on that same day. R. 16. This motion to vacate the default judgment followed roughly four weeks later. R. 17. Maybe four weeks is slower than other vacatur motions have been filed, but it is certainly well within the deadline outlined in the Federal Rules of Civil Procedure: a Rule 60(b)(1) motion must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Moreover, the record shows that I.C. System did put together two declarations, as well as reach out to Delgado's counsel via email to attempt to resolve the issue outside of court. R. 18, Flynn Decl. ¶ 5. So, I.C. System did not just sit on the information without taking any action at all. And for what it's worth, there is no reason to think that Delgado has been prejudiced by the four-week delay in filing. So the quick-action requirement has also been met.

### C. Meritorious Defense

Finally, I.C. System has also proffered a meritorious defense to Delgado's claims. "The defense doesn't need to be a clearly victorious argument, but it must contain more than bare legal conclusions." *Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 561-62 (7th Cir. 2017) (cleaned up). Here, without delving too deeply into the substance of the claims, Delgado is alleging that I.C. System sent a deceptive debt-collection letter that listed a $209 debt, plus roughly $85 in additional "billing fees" and "late fees." *See* Compl. ¶ 21. According to Delgado, the extra fees were unauthorized and excessive in violation of various provisions of the FDCPA. *Id.* In response, I.C. System argues that the extra fees *were* authorized in the underlying contract that gave rise to the debt. R. 17 at 6. I.C. System goes on to point to specific provisions in that contract that allegedly authorize the fees. *Id.* That is enough for now. From a substantive standpoint, I.C. System's defense may ultimately fail at a later stage in the litigation, but for purposes of this motion, I.C. System has certainly satisfied the threshold requirement of articulating a potentially meritorious defense to Delgado's claims. So, because all three requirements have been met, and taking into account the general policy in favor of resolving cases on their merits, the default judgment will be vacated.

### D. Sanctions

Aside from the motion to vacate, I.C. System has also lodged a request for sanctions against Delgado's counsel, arguing that "counsel did not inform defense counsel of her intention to seek Defendant's default in this action." R. 17 at 7. That

6

request is denied. Putting aside whatever history may exist between the lawyers here, there is nothing in the record to justify sanctions in this case. Specifically, the standard for the statutory sanctions is whether Delgado's counsel "so multiplies the proceedings … unreasonably and vexatiously." 28 U.S.C. § 1927. Here, I.C. System has failed to meet that high bar. For instance, the record suggests that Delgado's counsel went through the proper steps under Rule 4 of the Federal Rules of Civil Procedure of serving the registered agent of I.C. System, and there is no suggestion that counsel was in any way involved with CT Corporation's inadvertent delivery of the papers to the wrong party. There is also nothing in the record to suggest that the failure to mention the pending default judgment motion to I.C. System's counsel rose to the level of unreasonable or vexatious. It certainly might have been more civil and professional for Delgado's counsel to flag the pending motion, but nothing in the Federal Rules of Civil Procedure required counsel to do so.

### III. Conclusion

For the reasons explained above, the motion to vacate the default judgment is granted, but the request for sanctions is denied. I.C. System must answer or otherwise respond to the Complaint by September 25, 2020. The parties shall confer and file a joint status report with a proposed discovery schedule by September 27, 2020. The Court sets a tracking status hearing for October 9, 2020, at 8:30 a.m., but

to track the case only (no appearance is required, the case will not be called). Instead, the Court will set the schedule based on the status report.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 3, 2020